IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BLANCA AYALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22-cv-07338 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On July 31, 2021, Plaintiff Blanca Ayala visited a location of Menard, Inc. ("Menard"), a home improvement store. While shopping, Ayala slipped and fell in water that had spilled near the area of the store where Menard stacked cases of water bottles for sale. The source of the spill was a leaking bottle from one of those cases. Ayala has asserted claims against Menard under Illinois state law for negligence and premises liability, and Menard now seeks summary judgment in its favor. (Dkt. No. 38.) For the following reasons, Menard's motion is granted.

## BACKGROUND

For purposes of summary judgment, the Court views the evidence in the light most favorable to Ayala as the nonmoving party and draws all reasonable inferences in her favor. *Biggs v. Chi. Bd. of Educ.*, 82 F.4th 554, 559 (7th Cir. 2023). The following facts are taken from the parties' submissions pursuant to Local Rule 56.1. Unless otherwise noted, these facts are undisputed.

Menard owns and operates a store located at 2601 North Clybourn Avenue in Chicago, Illinois, which Ayala visited on July 31, 2021. (Def.'s Statement of Facts ("DSF") ¶¶ 1–2, Dkt. No. 39.) As Ayala was walking by stacked cases of water near the front of the store, she slipped in water that had spilled on the floor. (*Id.* ¶¶ 4–7.) The source of the water was a leaking bottle

from one of the stacked cases. (*Id.* ¶ 22.) The case holding the leaking bottle was at the bottom of the stack, with one or two cases resting on top of it. (Pl.'s Statement of Additional Facts ("PSAF") ¶ 4, Dkt. No. 45.)

Menard's employees are trained to stack cases of water in an "off-set/interlocking manner." (DSF, Ex. G ("Cruz Aff.") ¶ 6, Dkt. No. 39-5.) At the time of the incident, at least one case of water in the same stack as the leaking bottle was not positioned in this manner. (DSF ¶ 25.) Sometimes, customers move cases of water within the stacks without putting the cases in their carts; the parties do not agree on whether a customer had moved the misplaced case of water here. (DSF ¶¶ 24–25; Pl.'s Resp. to DSF ("PRDSF") ¶¶ 24–25, Dkt. No. 44.)

Ayala initially filed this case in the Circuit Court of Cook County, claiming that Menard was responsible for the spill. The Complaint presents its claims as two counts: negligence (Count I) and premises liability (Count II). Having removed the case to this Court based on diversity jurisdiction, Menard now moves for summary judgment. (Dkt. No. 38.)

## DISCUSSION

"Summary judgment is appropriate when, taking all reasonable inferences in favor of the nonmoving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law." *Moorer v. City of Chicago*, 92 F.4th 715, 720 (7th Cir. 2024). That said, the non-moving party still must "produce evidence sufficient to establish the elements essential to her claim." *Jackson v. Sheriff of Winnebago Cnty.*, 74 F.4th 496, 500 (7th Cir. 2023) (internal quotation marks omitted). "[I]nferences supported only by speculation or conjecture cannot defeat summary judgment." *Lam v. Springs Window Fashions, LLC*, 37 F.4th 431, 436 (7th Cir. 2022).

The parties agree that Illinois common law provides the governing legal standard in this case. Ayala first asserts a negligence claim. "To state a cause of action for negligence under

Illinois law, a plaintiff must establish the existence of a duty, the defendant's breach of that duty, and that the breach proximately caused the plaintiff's resulting injuries." *Roh v. Starbucks Corp.*, 881 F.3d 969, 973 (7th Cir. 2018). Second, Ayala asserts a claim for premises liability, which is "a subset of common-law negligence." *Reyes v. Menard, Inc.*, No. 21 CV 359, 2022 WL 2757666, at *2 (N.D. Ill. July 14, 2022) (citation omitted). Premises liability entails the following elements:

> (1) the existence of a condition that presents an unreasonable risk of harm to persons on the premises; (2) that the defendants knew, or should have known, that the condition posed an unreasonable risk of harm; (3) that the defendants should have anticipated that individuals on the premises would fail to discover or recognize the danger or otherwise fail to protect themselves against it; (4) a negligent act or omission on the part of the defendant; (5) an injury suffered by the plaintiff; and (6) that the condition of the property was a proximate cause of the injury to the plaintiff.

*Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

The two claims are similar. "In effect, the difference between premises liability and ordinary liability [in a negligence action] is that in a premises liability case the defendant is alleged to have maintained a dangerous condition, whereas in an ordinary liability case the defendant is alleged to have caused the dangerous condition." *Hutson v. Pate*, 216 N.E.3d 1085, 1093 (Ill. App. Ct. 2022) (internal quotation marks omitted). A plaintiff may bring either claim or both, if "a landowner's conduct in creating an unsafe condition precedes the plaintiff's injury." *Id.* (internal quotation marks omitted). *But see Bradley v. United States*, No. 19 C 903, 2021 WL 1837381, at *4–5 (N.D. Ill. May 7, 2021) (reasoning that premises liability is not a "freestanding cause[] of action"). Regardless, the parties do not distinguish between the negligence claim and the premises-liability claim in their briefs. The Court therefore analyzes them together. *See, e.g.*, *Keenan v. Home Depot, Inc.*, No. 16 CV 4530, 2021 WL 4264358, at *5 & n.2 (N.D. Ill. Sept. 20, 2021); *Reyes*, 2022 WL 2757666, at *2.

3

The Court, like the parties, focuses on whether Menard breached a duty to Ayala.[1] "[W]hen a business's invitee is injured by slipping on a foreign substance on its premises," the invitee must show:

> (1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e., the business had constructive notice of the substance.

*Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). Ayala concedes that Menard had no actual or constructive notice of the water on the floor. (Response Br. at 2, Dkt. No. 43.)[2] Thus, the sole issue is whether Menard breached its duty by negligently placing the water on the floor.

The crux of this dispute concerns whether Ayala has adduced sufficient evidence from which a reasonable factfinder could conclude that Menard, as opposed to a third party, is responsible for the spill. To do so, Ayala must show that the water "was related to [Menard's] business" and "offer some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of [Menard], from which it could be inferred that it was more likely that [Menard] or [its] servants, rather than a customer, dropped the [water] on the premises." *Zuppardi*, 770 F.3d at 649–50 (quoting *Donoho v. O'Connell's, Inc.*, 148 N.E.2d 434, 439 (Ill. 1958)). Menard does not dispute that the water was related to its business, so the Court focuses on the second requirement.

---

[1] Menard frames its challenge in terms of proximate cause, but the caselaw its cites and the arguments it makes indicate that it is primarily contesting breach.

[2] Arguably, this concession precludes Ayala's premises-liability claim, for which actual or constructive notice is a separate element. *Parker*, 845 F.3d at 811; *see also Devine v. Nat'l R.R. Passenger Corp.*, No. 1:18-CV-05038, 2020 WL 5569832, at *4 (N.D. Ill. Sept. 17, 2020) ("Under Illinois law, no premises liability can attach if the owner lacks actual or constructive knowledge of the alleged dangerous condition.").

On that issue, the Seventh Circuit's decision in *Piotrowski v. Menard, Inc.*, 842 F.3d 1035 (7th Cir. 2016), is instructive. The plaintiff there had been in the defendant's parking lot when she slipped on rocks matching the type of rocks the defendant used in the planter located near the exit of the store. *Id.* at 1037. The plaintiff conceded that "potential causes of rock depletion to the planter were many." *Id.* at 1039. Indeed, neither she nor anyone else "knew how the rocks at issue ended up where they did." *Id.* The Seventh Circuit held that "speculation" that the defendant "could have caused the rocks to spill" was not enough to stave off summary judgment. *Id.* Likewise, in *Zuppardi*, the Seventh Circuit concluded that summary judgment was properly entered against a plaintiff who had slipped on a puddle of water in the defendant's store. 770 F.3d at 650. The plaintiff posited that, among other theories, an employee could have spilled the water while restocking shelves multiple aisles away. *Id.* But this was speculation. *Id.* And "evidence that [the plaintiff] slipped on something that happen[ed] to be sold by [the defendant]" did not alone "support an inference that [the defendant] caused the spill." *Id.*

The Court acknowledges that this dispute presents a closer call than either *Piotrowski* or *Zuppardi*. Unlike those cases, the substance at issue here (the water) was directly proximate to the claimed source (the leaking bottle). Nonetheless, courts have drawn from the principles explained in those cases to hold against plaintiffs in scenarios analogous to this one. *See, e.g.*, *Hillsamer v. Walmart, Inc.*, No. 20 C 6753, 2022 WL 4079451, at *5 (N.D. Ill. Sept. 6, 2022) (concluding that a plaintiff who slipped on hair product in the shampoo aisle could not rely solely on proximity to show negligence because "[c]ustomers peruse[d] [the defendant's] shelves"); *Sopala v. Menard, Inc.*, No. 19-CV-830, 2020 WL 4718406, at *4–7, *6 n.6 (N.D. Ill. Aug. 13, 2020) (suggesting that even if an employee had placed a container of the substance near the location of the accident, it did not necessarily follow that an employee was responsible for

5

the spill itself); *Mitts v. Costco Wholesale Corp.*, No. 16 C 5788, 2017 WL 8204095, at *4 (N.D. Ill. Dec. 8, 2017) ("At most, [the] plaintiff might prove that she slipped on milk in a dairy cooler; she does not adduce evidence demonstrating that it is more likely that [the] **defendant**, rather than a customer, caused the spill that caused her to slip."). As these cases illustrate, a plaintiff "cannot merely identify a potential source of the spill to avoid summary judgment." *Zuppardi*, 770 F.3d at 650 (internal quotation marks omitted).

Yet that is what Ayala attempts to do here. She cites evidence of the proximity of the leaking water bottle to the spill along with evidence that Menard's employees were trained to stack the cases of water in an interlocking manner. But she points no evidence suggesting that an employee actually caused the spill—such as evidence that an employee had been restocking the cases of water shortly before the accident. *See Hillsamer*, 2022 WL 4079451, at *5.

In fact, the "potential causes of [the water on the floor] were many." *Piotrowski*, 842 F.3d at 1039. For example, even assuming the leaking bottle was not moved by a customer, it could have been damaged by the movement of other cases; there is evidence that at least one case of water in same stack as the leaking bottle was not set in an interlocking position. A customer could have struck the leaking bottle with their cart while navigating the store. Or a customer could have kicked the bottle. Simply put, Ayala lacks the corroborating evidence necessary at the summary judgment stage to separate her proffered explanation, assigning responsibility to Menard, from alternative explanations, which would assign responsibility to a third party. *See Zuppardi*, 770 F.3d at 650 ("[The plaintiff's] argument boils down to only that it was possible that [one of the defendant's] employee[s] could have spilled the water in the manner she suggests.").

Ayala has thus failed to produce evidence that would lead a reasonable jury to deem it more likely than not that Menard or its employees negligently spilled the water. Further, Ayala has conceded that Menard lacked both actual and constructive notice of the spill. As a result, she fails to create a question of material fact as to an essential element of her claims. *Id.* at 649.

## CONCLUSION

For the above reasons, Menard's motion for summary judgment (Dkt. No. 38) is granted. The Clerk will enter Judgment in favor of Menard.

ENTERED:

Dated: March 31, 2025

_____
Andrea R. Wood
United States District Judge